## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| DSI RENAL HOLDINGS, LLC, *et al.*, | : | Case No. 11-11722 (KJC) |
| | : | |
| Debtors. | : | (Jointly Administered) |
| | : | |
| ALFRED T. GIULIANO, Chapter 7 Trustee, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Adv. Proc. No. 14-50356 (KJC) |
| | : | |
| MICHAEL SCHNABEL, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## DEFENDANT APOLLO INVESTMENT CORPORATION'S
## ANSWER TO COMPLAINT

Defendant, Apollo Investment Corporation ("AIC" or "Defendant"), hereby answers the

Complaint in the above-captioned matter as follows:

1.      Defendant denies the allegations in Paragraph 1, except admits that plaintiff

Alfred T. Giuliano (the "Plaintiff") has brought this action asserting purported claims against

Defendant, among others.

2.      Defendant denies the allegations in Paragraph 2.

3.      Paragraph 3 states a legal conclusion such that no responsive pleading is required.

4.      No responsive pleading is required in response to paragraph 4.  To the extent a

response is required, Defendant does not consent to Plaintiff's demand for a jury trial.

5.      Paragraph 5 states a legal conclusion such that no responsive pleading is required.

6.      Defendant admits the allegations of paragraph 6 and respectfully refers the Court

to the docket in *In re DSI Renal Holdings LLC, et al.* U.S.B.C. D. Del., Case No. 11-11722

(KJC) for a more complete description of such matters.

7.      Defendant admits that DSI Holding Company was merged into DSI Renal Holdings, with DSI Renal Holdings as the surviving company, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7.

8.      No responsive pleading is required because Plaintiff voluntarily dismissed CDSI I from this action without prejudice on May 14, 2014 (*see* Dkt. No. 11).  To the extent a response is required, Defendant denies that CDSI I was formed "for the purpose of effectuating the DSI Restructuring and the fraudulent transfers that occurred in connection therewith."  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8.

9.      No responsive pleading is required because Plaintiff voluntarily dismissed CDSI II from this action without prejudice on May 14, 2014 (*see* Dkt. No. 11).  To the extent a response is required, Defendant denies that CDSI II was formed "for the purpose of effectuating the DSI Restructuring and the fraudulent transfers that occurred in connection therewith." Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 9.

10.     Defendant denies that any fraudulent transfer occurred in connection with the DSI Restructuring.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10.

11.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13.

14.    No responsive pleading is required because Plaintiff voluntarily dismissed Kencel from this action without prejudice on May 14, 2014 (*see* Dkt. No. 42).  To the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14.

15.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15.

16.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16.

17.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.    Defendant denies that any fraudulent transfer occurred in connection with the DSI Restructuring and that CDSI I is a defendant in this action as it was dismissed without prejudice on May 14, 2014 (*see* Dkt. No. 11).  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18.

19.    Defendant denies that any fraudulent transfer occurred in connection with the DSI Restructuring and that CDSI I is a defendant in this action as it was dismissed without prejudice on May 14, 2014 (*see* Dkt. No. 11).  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 19.

20.    Defendant denies that any fraudulent transfer occurred in connection with the DSI Restructuring and that CDSI I is a defendant in this action as it was dismissed without prejudice

on May 14, 2014 (*see* Dkt. No. 11).  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20.

21.    Defendant denies that any fraudulent transfer occurred in connection with the DSI Restructuring and that CDSI I is a defendant in this action as it was dismissed without prejudice on May 14, 2014 (*see* Dkt. No. 11).  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21.

22.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22.

23.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23.

24.    Defendant denies that any fraudulent transfer occurred in connection with the DSI Restructuring and that CDSI I is a defendant in this action as it was dismissed without prejudice on May 14, 2014 (*see* Dkt. No. 11).  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24.

25.    Defendant denies that any fraudulent transfer occurred in connection with the DSI Restructuring and that CDSI I is a defendant in this action as it was dismissed without prejudice on May 14, 2014 (*see* Dkt. No. 11).  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25.

26.    Defendant denies that any fraudulent transfer occurred in connection with the DSI Restructuring and that CDSI I is a defendant in this action as it was dismissed without prejudice on May 14, 2014 (*see* Dkt. No. 11).  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26.

27.     Defendant denies that any fraudulent transfer occurred in connection with the DSI Restructuring and that CDSI I is a defendant in this action as it was dismissed without prejudice on May 14, 2014 (*see* Dkt. No. 11).  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27.

28.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28.

29.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29.

30.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30.

31.     Defendant denies that any fraudulent transfer occurred in connection with the DSI Restructuring and that CDSI I is a defendant in this action as it was dismissed without prejudice on May 14, 2014 (*see* Dkt. No. 11).  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 31.

32.     Defendant denies that any fraudulent transfer occurred in connection with the DSI Restructuring and that CDSI I is a defendant in this action as it was dismissed without prejudice on May 14, 2014 (*see* Dkt. No. 11).  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 32.

33.     Defendant admits that Apollo Investment Corporation is a Maryland corporation with a place of business at 9 West 57th Street, New York, NY 10019 and that Apollo Investment Corporation was a shareholder of CDSI I.  Defendant denies the remaining allegations of paragraph 33.

5

34.    Defendant denies that any fraudulent transfer occurred in connection with the DSI Restructuring and that CDSI I is a defendant in this action as it was dismissed without prejudice on May 14, 2014 (*see* Dkt. No. 11).  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34.

35.    Defendant denies the allegations in paragraph 35.

36.    Defendant admits that DSI Renal was a provider of outpatient dialysis clinics in the United States and owned and operated dialysis clinics, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36.

37.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37.

38.    Defendant admits that Defendant Murphy was hired as CEO of DSI Renal, Inc. in 2008, and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38.

39.    Defendant admits the allegations in paragraph 39.

40.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40.

41.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41.

42.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42.

43.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the footnote 2 to paragraph 43 and respectfully refers the Court to the

email referenced in footnote 2 for its actual language and complete contents. Defendant denies the remaining allegations in paragraph 43.

44.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 and respectfully refers the Court to the referenced email for its actual language and complete contents.

45.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46.

47.    Defendant admits that the Bucks County Hospital commenced a Chapter 7 bankruptcy case in Tennessee on or about March 30, 2009 and respectfully refers the Court to the docket in *In re Bucks County Oncoplastic Institute, LLC, Debtor*, U.S.B.C. M.D. Tenn., Case No. 3:09-bk-03570 for a more complete description of such matters.  Defendant denies the remaining allegations of paragraph 47.

48.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48.

49.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49.

50.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50.

51.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51.

52.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 and respectfully refers the Court to the referenced email for its actual language and complete contents.

53.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 and respectfully refers the Court to the referenced email for its actual language and complete contents.

54.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

55.     Defendant admits that a motion to reopen the Tennessee Bankruptcy Case was filed on or about January 11, 2013 and respectfully refers the Court to the United States Trustee's Motion to Reopen Chapter 7 Case (Docket No. 184) and the docket in *In re Bucks County Oncoplastic Institute, LLC, Debtor*, U.S.B.C. M.D. Tenn., Case No. 3:09-bk-03570 for a more complete description of such matters.   Defendant denies the remaining allegations of paragraph 55.

56.     Defendant admits the allegations in paragraph 56 and respectfully refers the Court to the Order Granting Motion To Reopen Chapter 7 Case (Docket No. 186) and the docket in *In re Bucks County Oncoplastic Institute, LLC, Debtor*, U.S.B.C. M.D. Tenn., Case No. 3:09-bk-03570 for a more complete description of such matters.

57.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 57.

58.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 58.

59.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 59.

60.    Defendant admits that Goldman Sachs was engaged by Debtor.  Defendant denies the remaining allegations of paragraph 60.

61.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61.

62.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 62.

63.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63.

64.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 64.

65.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and respectfully refers the Court to the referenced document for its actual language and complete contents.

66.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66.

67.    Defendant denies the allegations in paragraph 67 to the extent the allegations purport to be directed to AIC and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68.    Defendant admits that the DaVita ultimately purchased DSI Renal.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68.

69.     Defendant denies the allegations in paragraph 69 to the extent the allegations purport to be directed to AIC and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69.

70.     Defendant denies the allegations in paragraph 70 to the extent the allegations purport to be directed to AIC and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70.

71.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 71.

72.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 72.

73.     Defendant admits that the DSI Restructuring closed on January 11, 2010. Defendant denies the remaining allegations of paragraph 73.

74.     The allegations in paragraph 74 do not present a fair and accurate description of the DSI Restructuring.  Defendant therefore denies the allegations in paragraph 74.

75.     Defendant denies the allegations in paragraph 75.

76.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 76.

77.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 77 and respectfully refers the Court to the testimony record for its actual language and complete contents.

78.     Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 78.

79. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 79.

80. The allegations in paragraph 80 do not present a fair and accurate description of the DSI Restructuring. Defendant therefore denies the allegations in paragraph 80.

81. The allegations in paragraph 81 do not present a fair and accurate description of the DSI Restructuring. Defendant therefore denies the allegations in paragraph 81.

82. The allegations in paragraph 82 do not present a fair and accurate description of the DSI Restructuring. Defendant therefore denies the allegations in paragraph 82.

83. The allegations in paragraph 83 do not present a fair and accurate description of the DSI Restructuring. Defendant therefore denies the allegations in paragraph 83.

84. The allegations in paragraph 84 do not present a fair and accurate description of the DSI Restructuring. Defendant therefore denies the allegations in paragraph 84.

85. The allegations in paragraph 85 do not present a fair and accurate description of the DSI Restructuring. Defendant therefore denies the allegations in paragraph 85.

86. The allegations in paragraph 86 do not present a fair and accurate description of the DSI Restructuring. Defendant therefore denies the allegations in paragraph 86.

87. The allegations in paragraph 86 do not present a fair and accurate description of the DSI Restructuring and DaVita Merger Transaction. Defendant therefore denies the allegations in paragraph 87.

88. Defendant denies the allegations in paragraph 88.

89. Defendant denies the allegations in paragraph 89.

90. Defendant denies that the quoted language establishes fraudulent intent and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the

remaining allegations in paragraph 90 and respectfully refers the Court to the referenced documents for their actual language and complete contents.

91.    Defendant denies that the quoted language establishes fraudulent intent and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 91 and respectfully refers the Court to the referenced deposition testimony records for their actual language and complete contents.

92.    Defendant admits that CDSI I was formed as part of the DSI Restructuring, and otherwise denies the allegations of paragraph 92.

93.    Defendant admits that CDSI II was formed as part of the DSI Restructuring, and otherwise denies the allegations of paragraph 93.

94.    Defendant admits that it received shares of CDSI I and otherwise denies the allegations of paragraph 94.

95.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95.

96.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96.

97.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97.

98.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 and respectfully refers the Court to the referenced email for its actual language and complete contents.

99.    Defendant admits that, after the DSI Restructuring, DaVita expressed interest in potentially acquiring the DSI Renal business.    Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 99.

100.    Defendant admits that the DSI Renal business was sold to DaVita and that the agreements which effectuated the DaVita Merger Transaction were entered into on or about February 4, 2011. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 100.

101.    Paragraph 101 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, Defendant denies the allegations in paragraph 101.

102.    Defendant incorporates, as if set forth here in full, its responses to the allegations in paragraphs 1 to 101 above.

103.    Paragraph 103 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, Defendant denies the allegations in paragraph 103.

104.    Paragraph 104 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, Defendant denies the allegations in paragraph 104.

105.    Paragraph 105 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, Defendant denies the allegations in paragraph 105.

106.    Paragraph 106 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, Defendant denies the allegations in paragraph 106.

107.    Without prejudice to defendant's motion to dismiss this claim, which is pending judgment before the Court (*see* Dkt. No. 56), Defendant incorporates, as if set forth in full, the responses to the allegations in paragraphs 1 to 106.

108.    Paragraph 108 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, and without prejudice to Defendant's motion to dismiss this claim, which is pending judgment before the Court, Defendant denies the allegations in paragraph 108.

109.    Paragraph 109 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, and without prejudice to Defendant's motion to dismiss this claim, which is pending judgment before the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 109.

110.    Paragraph 110 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, and without prejudice to Defendant's motion to dismiss this claim, which is pending judgment before the Court, Defendant denies the allegations in paragraph 110.

111.    Paragraph 111 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, and without prejudice to Defendant's motion to dismiss this claim, which is pending judgment before the Court, Defendant denies the allegations in paragraph 111.

112.    Without prejudice to Defendant's motion to dismiss this claim, which is pending judgment before the Court (*see* Dkt. No. 56), Defendant incorporates, as if set forth in full, the responses to the allegations in paragraphs 1 to 111.

113.    Paragraph 113 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, and without prejudice to Defendant's motion to dismiss this claim, which is pending judgment before the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 113.

114.    Paragraph 114 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, and without prejudice to Defendant's motion to dismiss this claim, which is pending judgment before the Court, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 114.

115.    Paragraph 115 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, and without prejudice to Defendant's motion to dismiss this claim, which is pending judgment before the Court, Defendant denies the allegations in paragraph 115.

116.    Paragraph 116 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, and without prejudice to Defendant's motion to dismiss this claim, which is pending judgment before the Court, Defendant denies the allegations in paragraph 116.

117.    Paragraph 117 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, and without prejudice to Defendant's motion to dismiss this claim, which is pending judgment before the Court, Defendant denies the allegations in paragraph 117.

118.    Paragraph 118 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, and without prejudice to Defendant's motion to dismiss this claim, which is pending judgment before the Court, Defendant denies the allegations in paragraph 118.

119.    Without prejudice to Defendant's motion to dismiss this claim, which is pending judgment before the Court (*see* Dkt. No. 56), Defendant incorporates, as if set forth in full, the responses to the allegations in paragraphs 1 to 118.

120.    Paragraph 120 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, Defendant denies the allegations in paragraph 120.

121.    Paragraph 121 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, Defendant denies the allegations in paragraph 121.

122.    Paragraph 122 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, Defendant denies the allegations in paragraph 122.

123.    No responsive pleading is required because this claim is not asserted against Defendant; to the extent a response is required, Defendant incorporates, as if set forth in full, the responses to the allegations in paragraphs 1 to 122.

124.    No responsive pleading is required because this claim is not asserted against Defendant and because Paragraph 124 states a legal conclusion; to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124.

125.    No responsive pleading is required because this claim is not asserted against Defendant and because Paragraph 125 states a legal conclusion; to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

126.    No responsive pleading is required because this claim is not asserted against Defendant and because Paragraph 126 states a legal conclusion; to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

127.    No responsive pleading is required because this claim is not asserted against Defendant and because Paragraph 127 states a legal conclusion; to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

128.    No responsive pleading is required because this claim is not asserted against Defendant and because Paragraph 128 states a legal conclusion; to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

129.    No responsive pleading is required because this claim is not asserted against Defendant and because Paragraph 129 states a legal conclusion; to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

130.    No responsive pleading is required because this claim is not asserted against Defendant and because Paragraph 130 states a legal conclusion; to the extent a response is

required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

131.    No responsive pleading is required because this claim is not asserted against Defendant and because Paragraph 131 states a legal conclusion; to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

132.    No responsive pleading is required because this claim is not asserted against Defendant and because Paragraph 132 states a legal conclusion; to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132.

133.    No responsive pleading is required because this claim is not asserted against Defendant and because Paragraph 133 states a legal conclusion; to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

134.    No responsive pleading is required because this claim is not asserted against Defendant and because Paragraph 134 states a legal conclusion; to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134.

135.    No responsive pleading is required because this claim is not asserted against Defendant and because Paragraph 135 states a legal conclusion; to the extent a response is required, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135.

136.    Defendant incorporates, as if set forth in full, the responses to the allegations in paragraphs 1 to 135.

137.    Paragraph 137 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, Defendant denies the allegations in paragraph 137 to the extent the allegations purport to be directed to AIC and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 137.

138.    Paragraph 138 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, Defendant denies the allegations in paragraph 138 to the extent the allegations purport to be directed to AIC and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 138.

139.    Paragraph 139 states a legal conclusion such that no responsive pleading is required; to the extent that a response is required, Defendant denies the allegations in paragraph 139 to the extent the allegations purport to be directed to AIC and otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 139.

140.    Defendant incorporates, as if set forth in full, the responses to the allegations in paragraphs 1 to 139.

141.    No responsive pleading is required because this claim is not asserted against Defendant and because Paragraph 141 states a legal conclusion; to the extent a response is required, Defendant denies the allegations in paragraph 141.

142.    No responsive pleading is required because this claim is not asserted against Defendant and because Paragraph 142 states a legal conclusion; to the extent a response is required, Defendant denies the allegations in paragraph 142.

143.    No responsive pleading is required because the Court has dismissed this claim. To the extent a response is required, Defendant incorporates, as if set forth in full, the responses to the allegations in paragraphs 1 to 142.

144.    No responsive pleading is required because the Court has dismissed this claim and because Paragraph 144 states a legal conclusion.  To the extent a response is required, Defendant denies the allegations in paragraph 144.

145.    No responsive pleading is required because the Plaintiff has withdrawn this claim. To the extent a response is required, Defendant incorporates, as if set forth in full, the responses to the allegations in paragraphs 1 to 144.

146.    No responsive pleading is required because the Plaintiff has withdrawn this claim and because Paragraph 146 states a legal conclusion.  To the extent a response is required, Defendant denies the allegations in paragraph 146.

## AFFIRMATIVE DEFENSES

Defendant asserts the following defenses with respect to the causes of action alleged in the Complaint, without assuming the burden of proof or persuasion where such burden rests with the Plaintiff.

### FIRST DEFENSE

Plaintiff fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

Plaintiff lacks standing to bring some or all of its claims.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, unclean hands, *in pari delicto*, estoppel, accord and satisfaction, and/or acquiescence.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by waiver and/or ratification.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because DSI Renal Holdings received reasonably equivalent value in exchange for the alleged transfers in the DSI Restructuring.

### SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged transfers in the DSI Restructuring were made in the ordinary course of business or financial affairs of DSI Renal and DSI Renal Holdings.

### SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant acted at all times in good faith, in accordance with applicable law and without knowledge of any of the alleged wrongful acts or intent.

### EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged transfers in the DSI Restructuring were settlement payments to Defendant that are not avoidable pursuant to the safe harbor provision of 11 U.S.C. § 546(e).

### NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by 11 U.S.C. § 550(b) because Defendant received the alleged transfer in the DSI Restructuring for value, including the

satisfaction of debt owed by DSI Renal and DSI Renal Holdings, in good faith, and without knowledge or information of the alleged voidability of the transfer.

## TENTH DEFENSE

The relief requested in Plaintiff's claims cannot exceed the claims that were timely filed and allowed in the Debtors' bankruptcy proceeding, *In re DSI Renal Holdings LLC, et al.* U.S.B.C. D. Del., Case No. 11-11722 (KJC), and not procured by the actions of the Trustee or his counsel.

## ELEVENTH DEFENSE

The relief requested in Plaintiff's claims is barred because it impermissibly seeks to disregard the separate corporate existence of its direct and indirect subsidiaries, DSI Hospitals, Inc., Bucks County Oncoplastic Institute, LLC, DSI Renal, CDSI I and CDSI II.

## TWELTH DEFENSE

Defendant asserts all rights of recoupment, recovery and set off.

## THIRTEENTH DEFENSE

Defendant adopts by reference any applicable defense pleaded by any other defendant not expressly set forth herein.

## RESERVATION OF RIGHTS

Defendant expressly reserves the right to amend or supplement this Answer and Affirmative Defenses and to assert all additional defenses (affirmative or otherwise) that may be revealed during the course of discovery or otherwise.

AIC does not consent to the entry of final orders or judgments by the Court, to the extent it is determined that the Court cannot enter final orders or judgments consistent with Article III of the United States Constitution absent consent of the parties, and demands that any such final orders or judgments in this matter be entered by an Article III Judge.

**WHEREFORE**, Defendant respectfully requests that the Court enter judgment in favor

of Defendant, and against the Plaintiff, dismissing the Complaint in its entirety.


Dated:  August 31, 2017                              COZEN O'CONNOR

                                                     _____
                                                     Mark E. Felger (No. 3919)
                                                     Simon E. Fraser (No. 5335)
                                                     1201 North Market Street, Suite 1001
                                                     Wilmington, DE 19801
                                                     Telephone: (302) 295-2000
                                                     Facsimile: (302) 295-2013
                                                     Email: mfelger@cozen.com
                                                     sfraser@cozen.com

                                                             -and-

                                                     Andrew J. Ehrlich, Esq.
                                                     Gregory F. Laufer, Esq.
                                                     PAUL, WEISS, RIFKIND, WHARTON &
                                                     GARRISON LLP
                                                     1285 Avenue of the Americas
                                                     New York, NY 10019-6064
                                                     Telephone:  (212) 373-3000
                                                     Facsimile:  (212) 757-3990
                                                     Email:  aehrlich@paulweiss.com
                                                     glaufer@paulweiss.com

                                                     *Counsel to Defendant,*
                                                     *Apollo Investment Corporation*