**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| DSI RENAL HOLDINGS, LLC et al., | Case No. 11-11722 (KJC) |
| Debtors. | Jointly Administered |
| ALFRED T. GIULIANO, as Chapter 7 Trustee, | |
| Plaintiff, | |
| v. | Adv. Pro. No. 14-50356 (KJC) |
| MICHAEL SCHNABEL, *et al.*, | |
| Defendants. | **JURY TRIAL DEMANDED** |

<u>**ANSWER AND AFFIRMATIVE DEFENSES OF ARES CAPITAL CORPORATION**</u>

Defendant Ares Capital Corporation ("ARCC"),[1] by and through its undersigned attorneys, Potter Anderson & Corroon LLP and Akin Gump Strauss Hauer & Feld LLP, for its Answer to the Complaint, states the following without admitting that such information was known to ARCC at the time that the Complaint was served:[2]

<u>**ANSWER**</u>

1.    Denies the allegations contained in paragraph 1 of the Complaint, except admits that the Trustee, by and through his counsel, has brought the action set forth in the Complaint.

2.    Denies the allegations contained in paragraph 2 of the Complaint.

---

[1]    Terms not otherwise defined herein shall have the same meaning as in the Trustee's Complaint dated May 20, 2013 (the "Complaint").

[2]    ARCC states that no response is required to the headings in the Complaint. To the extent that a response is required, ARCC denies the allegations contained in the headings in the Complaint.

IMPAC 5379210v.1

3.      Paragraph 3 of the Complaint states legal conclusions to which no response is required.

4.      No response is required to paragraph 4 of the Complaint.

5.      Paragraph 5 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, denies that venue is appropriate in the Eastern District of Pennsylvania, and avers that venue is appropriate in the District of Delaware pursuant to 28 U.S.C. § 1409(a).

6.      Admits, upon information and belief, the allegations contained in paragraph 6 of the Complaint, and respectfully refers the Court to the docket in *In re DSI Renal Holdings LLC, et al.*, U.S.B.C. D. Del., Case No. 11-11722 (KJC).

7.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint, except (a) admits, upon information and belief, that on the Petition Date, DSI Renal Holdings was a Delaware limited liability company, DSI Hospitals was a Delaware corporation, and DSI Facility was a Delaware limited liability company; (b) admits, upon information and belief, that prior to the Petition Date, DSI Holding Company was merged into Debtor DSI Renal Holdings, with DSI Renal Holdings as the surviving company; and (c) respectfully refers the Court to, *inter alia*, the Global Restructuring Agreement dated as of January 11, 2010, including its exhibits and schedules (the "Global Restructuring Agreement").

8.      The Trustee voluntarily dismissed CDSI I from this action without prejudice on May 14, 2014 (*see* Dkt. No. 11) and thus no response is required to the allegations contained in paragraph 8 of the Complaint.  To the extent a response is required, denies the allegations contained in paragraph 8 of the Complaint, except denies knowledge or information sufficient to

2

form a belief as to the truth of the allegations contained in the first and third sentences of this paragraph and as to the date when CDSI I was formed.

9.      The Trustee voluntarily dismissed CDSI II from this action without prejudice on May 14, 2014 (*see* Dkt. No. 11) and thus no response is required to the allegations contained in paragraph 9 of the Complaint.   To the extent a response is required, denies the allegations contained in paragraph 9 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first and third sentences of this paragraph and as to the date when CDSI II was formed.

10.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, except denies that any fraudulent transfer occurred in connection with the DSI Restructuring, and admits, upon information and belief, that at certain times, Schnabel was employed by or otherwise affiliated with certain of the Centre Partners Defendants or their affiliates and was a director of DSI Holding Company, a director of Debtor DSI Hospitals and a director of DSI Renal.

11.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, except admits, upon information and belief, that at certain times, Pollack was employed by or otherwise affiliated with certain of the Centre Partners Defendants or their affiliates and was a director of DSI Holding Company, a director of Debtor DSI Hospitals and a director of DSI Renal.

12.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, except admits, upon information and belief, that at certain times, Murphy was a director and the President of DSI Holding Company, Debtor DSI Hospitals and DSI Renal.

3

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint, except admits, upon information and belief, that at certain times, Bergmann was a director of DSI Holding Company, a director of Debtor DSI Hospitals and a director of DSI Renal.

14.     The Trustee voluntarily dismissed Kencel from this action without prejudice on May 14, 2014 (*see* Dkt. No. 42) and thus no response is required to the allegations contained in paragraph 14 of the Complaint.  To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, except admits, upon information and belief, that at certain times, Kencel was a director of DSI Holding Company, a director of Debtor DSI Hospitals and a director of DSI Renal.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, except admits, upon information and belief, that at certain times, Yalowitz was the secretary and general counsel of DSI Holding Company, the secretary of Debtor DSI Hospitals and the secretary of DSI Renal.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the Complaint.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the Complaint, except denies that any fraudulent transfer occurred in connection with the DSI Restructuring, and admits, upon information and belief, that at certain times, CBP was a shareholder of CDSI I.

4

19.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint, except denies that any fraudulent transfer occurred in connection with the DSI Restructuring, and admits, upon information and belief, that at certain times, CCI IV was a shareholder of CDSI I.

20.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint, except denies that any fraudulent transfer occurred in connection with the DSI Restructuring, and admits, upon information and belief, that at certain times, CCNQ IV was a shareholder of CDSI I.

21.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint, except denies that any fraudulent transfer occurred in connection with the DSI Restructuring, and admits, upon information and belief, that at certain times, CPCI IV was a shareholder of CDSI I.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Complaint, except denies that any fraudulent transfer occurred in connection with the DSI Restructuring, and admits, upon information and belief, that at certain times, CPCI V was a shareholder of CDSI I.

25.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Complaint, except denies that any fraudulent

transfer occurred in connection with the DSI Restructuring, and admits, upon information and belief, that at certain times, CCI V was a shareholder of CDSI I.

26.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Complaint, except denies that any fraudulent transfer occurred in connection with the DSI Restructuring, and admits, upon information and belief, that at certain times, CCNQ V was a shareholder of CDSI I.

27.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Complaint, except denies that any fraudulent transfer occurred in connection with the DSI Restructuring, and admits, upon information and belief, that at certain times, CBP II was a shareholder of CDSI I.

28.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the Complaint.

29.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint.

30.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint.

31.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the Complaint, except denies that any fraudulent transfer occurred in connection with the DSI Restructuring, and admits, upon information and belief, that at certain times, NML was a shareholder of CDSI I.

32.      Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the Complaint, except denies that any fraudulent

transfer occurred in connection with the DSI Restructuring, and admits, upon information and belief, that at certain times, NML GA was a shareholder of CDSI I.

33.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the Complaint, except denies that any fraudulent transfer occurred in connection with the DSI Restructuring, and admits, upon information and belief, that at certain times, Defendant Apollo Investment Corporation ("AIC") was a shareholder of CDSI I.

34.     Denies the allegations contained in paragraph 34 of the Complaint, except admits that ARCC is a Maryland corporation with a place of business at 245 Park Avenue, 44th Floor, New York, New York 10167, and admits that from or around January 10, 2010 until on or around September 6, 2010, ARCC was a shareholder of CDSI I.

35.     Denies the allegations contained in paragraph 35 of the Complaint.

36.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the Complaint, except admits that DSI Renal was a provider of outpatient dialysis clinics in the United States and owned and operated dialysis clinics.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the Complaint, except admits, upon information and belief, that the Debtors reported a write-down in the value of their accounts receivable for the year ending December 31, 2008.

38.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the Complaint, except admits, upon information and belief, that Murphy was hired as CEO of DSI Renal in or around October 2008 and avers, upon

7

information and belief, that Murphy was to oversee the implementation of initiatives to try to improve DSI Renal's business operations and cash flow.

39.     Denies the allegations contained in paragraph 39 of the Complaint, except admits, upon information and belief, that Bucks County Hospital owned a specialty breast cancer treatment institute in Bucks County, Pennsylvania.

40.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the Complaint.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the Complaint, except admits, upon information and belief, that Bucks County Hospital was closed on or around February 4, 2009.

43.     Denies the allegations contained in paragraph 43, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the footnote in this paragraph, and respectfully refers the Court to the email referenced in the footnote.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the Complaint and respectfully refers the Court to the email referenced in the paragraph.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint, except admits, upon information and belief, that Bucks County Hospital was closed.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the Complaint, except admits, upon information and belief, that the Tennessee Bankruptcy Case was filed on or about March 30, 2009.

48.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the Complaint, and respectfully refers the Court to the docket in the Tennessee Bankruptcy Case, the schedules filed by the debtor in the Tennessee Bankruptcy Case and to the actual books and records of the debtor in the Tennessee Bankruptcy Case.

49.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the Complaint.

50.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the Complaint.

51.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the Complaint.

52.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the Complaint.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the Complaint, and respectfully refers the Court to the bankruptcy trustee's filings in the Tennessee Bankruptcy Case.

55.     Denies the allegations contained in paragraph 55 of the Complaint as they apply to ARCC, and denies knowledge or information sufficient to form a belief as to the truth of the

9

other allegations contained in paragraph 55 of the Complaint, except admits that the bankruptcy trustee in the Tennessee Bankruptcy Case filed a motion to reopen the Tennessee Bankruptcy Case on or about January 11, 2013.

56.    Admits the allegations contained in paragraph 56 of the Complaint.

57.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 57 of the Complaint, except admits, upon information and belief, that Defendant Murphy, after being hired as CEO of DSI Renal, oversaw the implementation of initiatives to improve DSI Renal's business operations and cash flow.

58.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 58 of the Complaint, except admits that ARCC was aware as of June 2009 that DSI Renal had experienced improvements in certain operational and financial metrics since the beginning of 2009.

59.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59 of the Complaint, except admits that ARCC was aware that the Officer and Director Defendants at various points in time had projected improvements in certain operational and financial metrics through the end of 2009 and beyond.

60.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60 of the Complaint, except admits, upon information and belief, that Goldman Sachs was engaged to evaluate strategic alternatives.

61.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the Complaint.

62.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

IMPAC 5379210v.1

63.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.

64.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.

65.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint, except admits that the Goldman Sachs sale process was terminated on or around September 14, 2009.

67.     Denies the allegations contained in paragraph 67 of the Complaint as they apply to ARCC, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 67 of the Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint, except admits, based on information and belief, that DaVita submitted an unsolicited offer to acquire DSI on or about September 30, 2009, and that this offer was not accepted.

69.     Denies the allegations contained in paragraph 69 of the Complaint as they apply to ARCC, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 69 of the Complaint.

70.     Denies the allegations contained in paragraph 70 of the Complaint as they apply to ARCC, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 70 of the Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the Complaint and respectfully refers the Court to the minutes of the September 14, 2009 board meeting.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint and respectfully refers the Court to the minutes of the January 6, 2010 board meeting.

73.     Denies the allegations contained in paragraph 73 of the Complaint as they apply to ARCC, except admits that the DSI Restructuring closed on January 11, 2010, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 73 of the Complaint.

74.     Denies the allegations contained in paragraph 74 of the Complaint as they apply to ARCC, denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 74 of the Complaint, including the footnote contained in this paragraph, and respectfully refers the Court to, *inter alia*, the Global Restructuring Agreement.

75.     Denies the allegations contained in paragraph 75 of the Complaint as they apply to ARCC, denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 75 of the Complaint, and respectfully refers the Court to, *inter alia*, the Global Restructuring Agreement.

76.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint.

77.     Denies the allegations contained in paragraph 77 of the Complaint as they apply to ARCC, denies knowledge or information sufficient to form a belief as to the truth of the other

allegations contained in paragraph 77 of the Complaint, and respectfully refers the Court to Defendant Schnabel's deposition transcript.

78.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint.

79.     Denies the allegations contained in paragraph 79 of the Complaint as they apply to ARCC, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 79 of the Complaint.

80.     Denies the allegations contained in paragraph 80 of the Complaint, and respectfully refers the Court to, *inter alia*, the Global Restructuring Agreement

81.     Denies the allegations contained in paragraph 81 of the Complaint as they apply to ARCC, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 81 of the Complaint.

82.     Denies the allegations contained in paragraph 82 of the Complaint as they apply to ARCC, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 82 of the Complaint, except admits that before the DSI Restructuring, ARCC held DSI Renal debt, and that after the DSI Restructuring, ARCC held CDSI debt and equity.  ARCC further respectfully refers the Court to, *inter alia*, the Global Restructuring Agreement.

83.     Denies the allegations contained in paragraph 83 of the Complaint, and respectfully refers the Court to, *inter alia*, the Global Restructuring Agreement.

84.     Denies the allegations contained in paragraph 84 of the Complaint, and respectfully refers the Court to, *inter alia*, the Global Restructuring Agreement.

IMPAC 5379210v.1

85.    Denies the allegations contained in paragraph 85 of the Complaint, and respectfully refers the Court to, *inter alia*, the Global Restructuring Agreement.

86.    Denies the allegations contained in paragraph 86 of the Complaint, and respectfully refers the Court to, *inter alia*, the Global Restructuring Agreement and the Agreement and Plan of Merger by and among, *inter alia*, DaVita and CDSI I dated as of February 4, 2011, including its exhibits and schedules (the "DaVita Merger Agreement").

87.    Denies the allegations contained in paragraph 87 of the Complaint as they apply to ARCC, denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 87 of the Complaint, and respectfully refers the Court to, *inter alia*, the Global Restructuring Agreement and the DaVita Merger Agreement.

88.    Denies the allegations contained in paragraph 88 of the Complaint as they apply to ARCC, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 88 of the Complaint.

89.    Denies the allegations contained in paragraph 89 of the Complaint as they apply to ARCC, denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 89 of the Complaint, and respectfully refers the Court to the documents and deposition testimony transcripts referenced in this paragraph.

90.    Denies the allegations contained in paragraph 90 of the Complaint as they apply to ARCC, denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 90 of the Complaint, and respectfully refers the Court to the documents referenced in this paragraph.

91.    Denies the allegations contained in paragraph 91 of the Complaint as they apply to ARCC, denies knowledge or information sufficient to form a belief as to the truth of the other

allegations contained in paragraph 91 of the Complaint, and respectfully refers the Court to the deposition testimony transcripts referenced in this paragraph.

92.     Denies the allegations contained in paragraph 92 of the Complaint, except admits that CDSI I was formed as part of the DSI Restructuring, and respectfully refers the Court to, *inter alia*, the Global Restructuring Agreement.

93.     Denies the allegations contained in paragraph 93 of the Complaint, except admits that CDSI II was formed as part of the DSI Restructuring, and respectfully refers the Court to, *inter alia*, the Global Restructuring Agreement.

94.     Denies the allegations contained in paragraph 94 of the Complaint as they apply to ARCC, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 94 of the Complaint, except admits that ARCC received shares of CDSI I.

95.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint.

96.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint.

97.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint.

98.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the Complaint.

99.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint, except admits that, after the DSI Restructuring, DaVita expressed interest in potentially acquiring the DSI Renal business.

IMPAC 5379210v.1

100.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the Complaint, except admits that the agreements which effectuated the DaVita Merger Transaction were entered into on or about February 4, 2011 and respectfully refers the Court to the DaVita Merger Agreement.

101.     Denies the allegations contained in paragraph 101 of the Complaint as they apply to ARCC, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 101 of the Complaint.

102.     With respect to paragraph 102 of the Complaint, repeats and realleges each and every response to paragraphs 1 through 101 of the Complaint with the same force and effect as if fully set forth herein.

103.     Paragraph 103 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, denies the allegations in paragraph 103 of the Complaint.

104.     Paragraph 104 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, denies the allegations in paragraph 104 of the Complaint.

105.     Denies the allegations contained in paragraph 105 of the Complaint as they apply to ARCC, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 105 of the Complaint.

106.     Paragraph 106 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, denies the allegations in paragraph 106 of the Complaint.

IMPAC 5379210v.1

107.    With respect to paragraph 107 of the Complaint and without prejudice to ARCC's motion to dismiss this claim, which is pending judgment before the Court (*see* Dkt. No. 56), ARCC repeats and realleges each and every response to paragraphs 1 through 106 of the Complaint with the same force and effect as if fully set forth herein.

108.    Paragraph 108 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, and without prejudice to ARCC's motion to dismiss this claim, which is pending judgment before the Court, denies the allegations in paragraph 108 of the Complaint.

109.    Paragraph 109 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, and without prejudice to ARCC's motion to dismiss this claim, which is pending judgment before the Court, denies the allegations in paragraph 109 of the Complaint.

110.    Paragraph 110 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, and without prejudice to ARCC's motion to dismiss this claim, which is pending judgment before the Court, denies the allegations in paragraph 110 of the Complaint.

111.    Paragraph 111 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, and without prejudice to ARCC's motion to dismiss this claim, which is pending judgment before the Court, denies the allegations in paragraph 111 of the Complaint.

112.    With respect to paragraph 112 of the Complaint and without prejudice to ARCC's motion to dismiss this claim, which is pending judgment before the Court (*see* Dkt. No. 56),

repeats and realleges each and every response to paragraphs 1 through 111 of the Complaint with the same force and effect as if fully set forth herein.

113.    Paragraph 113 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, and without prejudice to ARCC's motion to dismiss this claim, which is pending judgment before the Court, denies the allegations contained in paragraph 113 of the Complaint.

114.    Paragraph 114 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, and without prejudice to ARCC's motion to dismiss this claim, which is pending judgment before the Court, denies the allegations in paragraph 114 of the Complaint.

115.    Paragraph 115 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, and without prejudice to ARCC's motion to dismiss this claim, which is pending judgment before the Court, denies the allegations contained in paragraph 115 of the Complaint as they apply to ARCC, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 115 of the Complaint.

116.    Paragraph 116 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, and without prejudice to ARCC's motion to dismiss this claim, which is pending judgment before the Court, denies the allegations in paragraph 116 of the Complaint.

117.    Paragraph 117 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, and without prejudice to ARCC's motion to

dismiss this claim, which is pending judgment before the Court, denies the allegations contained in paragraph 117 of the Complaint.

118.    Paragraph 118 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, and without prejudice to ARCC's motion to dismiss this claim, which is pending judgment before the Court, denies the allegations in paragraph 118 of the Complaint.

119.    With respect to paragraph 119 of the Complaint and without prejudice to ARCC's motion to dismiss this claim, which is pending judgment before the Court in part (*see* Dkt. No. 56), repeats and realleges each and every response to paragraphs 1 through 118 of the Complaint with the same force and effect as if fully set forth herein.

120.    Paragraph 120 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, and without prejudice to ARCC's motion to dismiss this claim, which is pending judgment before the Court in part, denies the allegations contained in paragraph 120 of the Complaint.

121.    Paragraph 121 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, and without prejudice to ARCC's motion to dismiss this claim, which is pending judgment before the Court in part, denies the allegations in paragraph 121 of the Complaint.

122.    Paragraph 122 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, and without prejudice to ARCC's motion to dismiss this claim, which is pending judgment before the Court in part, denies the allegations in paragraph 122 of the Complaint.

IMPAC 5379210v.1

123.    The Trustee's fifth claim (paragraphs 123-135 of the Complaint) does not allege a claim against ARCC.  To the extent a response is required to paragraph 123 of the Complaint, ARCC repeats and realleges each and every response to paragraphs 1 through 122 of the Complaint with the same force and effect as if fully set forth herein.  Moreover, paragraphs 124-135 state legal conclusions to which no response is required.  To the extent that a response is required, denies, upon information and belief, the allegations in paragraphs 124-135 of the Complaint.

124.    With respect to paragraph 136 of the Complaint, ARCC repeats and realleges each and every response to paragraphs 1 through 135 of the Complaint with the same force and effect as if fully set forth herein.

125.    Paragraph 137 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, denies the allegations contained in paragraph 137 of the Complaint as they apply to ARCC, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 137 of the Complaint.

126.    Paragraph 138 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, denies the allegations contained in paragraph 138 of the Complaint as they apply to ARCC, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 138 of the Complaint.

127.    Paragraph 139 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, denies the allegations contained in paragraph 139 of the Complaint as they apply to ARCC, and denies knowledge or information sufficient to form a belief as to the truth of the other allegations contained in paragraph 139 of the Complaint.

IMPAC 5379210v.1

128.    The Trustee's seventh claim (paragraphs 140 to 142 of the Complaint) does not allege a claim against ARCC.  To the extent a response to paragraph 140 of the Complaint is required, repeats and realleges each and every response to paragraphs 1 through 139 of the Complaint with the same force and effect as if fully set forth herein.

129.    The Trustee's seventh claim does not allege a claim against ARCC.  In addition, paragraph 141 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, denies, upon information and belief, the allegations in paragraph 141 of the Complaint.

130.    The Trustee's seventh claim does not allege a claim against ARCC.  In addition, paragraph 142 of the Complaint states a legal conclusion to which no response is required.  To the extent that a response is required, denies, upon information and belief, the allegations in paragraph 142 of the Complaint.

131.    The Trustee's eighth claim (paragraphs 143 to 144 of the Complaint) was dismissed (*see* Dkt. No. 56) and thus no response to paragraph 143 of the Complaint is required.  To the extent a response is required, ARCC repeats and realleges each and every response to paragraphs 1 through 142 of the Complaint with the same force and effect as if fully set forth herein.

132.    The Trustee's eighth claim was dismissed and thus no response is required.  In addition, paragraph 144 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, denies the allegations in paragraph 144 of the Complaint.

133.    The Trustee's ninth claim (paragraphs 145 to 146 of the Complaint) was withdrawn by the Trustee (*see* Dkt. No. 56) and thus no response to paragraph 145 of the

Complaint is required.  To the extent a response is required, ARCC repeats and realleges each and every response to paragraphs 1 through 144 of the Complaint with the same force and effect as if fully set forth herein.

134.    The Trustee's ninth claim was withdrawn by the Trustee and thus no response to paragraph 146 of the Complaint is required.  In addition, paragraph 146 of the Complaint states a legal conclusion to which no response is required.  To the extent a response is required, denies the allegations in paragraph 146 of the Complaint.

## AFFIRMATIVE DEFENSES

ARCC's assertion of affirmative defenses herein is not a concession that ARCC bears the burden of proof on any issue as to which the Trustee otherwise would bear the burden of proof.

## FIRST DEFENSE

135.    The Trustee has failed to state a claim for which relief may be granted against ARCC.

## SECOND DEFENSE

136.    The Trustee's claims against ARCC are barred under the doctrines of unclean hands and *in pari delicto*.

## THIRD DEFENSE

137.    The Trustee's claims against ARCC are barred by 11 U.S.C. 550(b) because ARCC received any avoidable transfer in the DSI Restructuring in exchange for value, in good faith, and without knowledge or information of the voidability of the transfer asserted.

## FOURTH DEFENSE

138.    ARCC has a lien on any transfer that it received in the DSI Restructuring because ARCC gave value in exchange therefor and in good faith.

22

## FIFTH DEFENSE

139.     The Trustee's damages, if any, are subject to offset in the amount of any benefit received by the Debtors through the DSI Restructuring.

## SIXTH DEFENSE

140.     The Trustee's claims against ARCC are barred under principles of estoppel, laches, waiver, ratification, acquiescence, accord and satisfaction, and failure to use due care.

## SEVENTH DEFENSE

141.     The Trustee's claims against ARCC are barred, in whole or in part, by 11 U.S.C. § 546(e).

## EIGHTH DEFENSE

142.     The Trustee's claims against ARCC cannot exceed the allowed claims that were timely and properly filed in the Debtors' bankruptcy proceeding, and that were not procured by the actions of the Trustee or his counsel.

## NINTH DEFENSE

143.     The Trustee's claims against ARCC are barred because the Trustee impermissibly seeks to disregard the separate corporate existence of the Debtors and their current and former direct and indirect subsidiaries.

## TENTH DEFENSE

144.     The Trustee's claims against ARCC are barred, in whole or in part, by the applicable statutes of limitations and statutes of repose.

## ELEVENTH DEFENSE

145.     The remedies claimed by the Trustee against ARCC are barred to the extent that they are inequitable.

## TWELFTH DEFENSE

146.    The Trustee's claims against ARCC for relief are barred, in whole or part, insofar as the Trustee lacks standing to assert the claims alleged in this action.

## THIRTEENTH DEFENSE

147.    The Trustee's claims against ARCC for relief are barred, in whole or in part, because the Debtors' estates failed to mitigate, reduce or otherwise avoid any alleged damages.

## FOURTEENTH DEFENSE

148.    The Trustee's claims against ARCC for relief are barred, in whole or in part, because ARCC is absolved from any and all liability for the wrongs alleged in the Complaint by reason of its full compliance with all statutes, regulations and other laws in effect at the time of the conduct alleged in the Complaint.

## FIFTEENTH DEFENSE

149.    The Trustee's claims against ARCC for relief are barred, in whole or in part, because the Debtors' estates suffered no damage.

## SIXTEENTH DEFENSE

150.    The Trustee's claims against ARCC for relief are barred, in whole or in part, because any recovery by any of the Debtors' estates or the Trustee against ARCC would constitute unjust enrichment.

## SEVENTEENTH DEFENSE

151.    The Trustee is precluded from recovering attorneys' fees or experts' fees from ARCC under applicable provisions of law.

## EIGHTEENTH DEFENSE

152.    ARCC denies that any of the Debtors' estates is entitled to pre-judgment interest.

24

**NINETEENTH DEFENSE**

153.    Avoidance of the transfers alleged in the Complaint is not necessary to satisfy any creditor's claim against any of the Debtors and will not benefit any of the Debtors' estates.

**TWENTIETH DEFENSE**

154.    Any injury sustained by any of the Debtors' estates was not directly or proximately caused by any of the alleged actions taken by ARCC.

**TWENTY-FIRST DEFENSE**

155.    The Trustee's claims against ARCC are barred, in whole or in part, because ARCC was a good-faith transferee.

**TWENTY-SECOND DEFENSE**

156.    The Trustee's claims against ARCC are barred, in whole or in part, because any transfer to ARCC was not a fraudulent transfer as a matter of law.

**TWENTY-THIRD DEFENSE**

157.    Any recovery against ARCC must be reduced, diminished and/or barred to the extent the Trustee seeks an overlapping or duplicative recovery to the various claims against any of the other Defendants.

**TWENTY-FOURTH DEFENSE**

158.    Any judgment against ARCC must be reduced, diminished and/or barred to the percentage of responsibility, if any, assessed as to ARCC pursuant to principles of equitable allocation, recoupment, proportionate responsibility, comparative fault, any settlement credit, and/or any other applicable law or doctrine.

IMPAC 5379210v.1

## **TWENTY-FIFTH DEFENSE**

159.   The Trustee's claim against ARCC for aiding and abetting breach of fiduciary duty fails because the Trustee has not alleged any facts showing ARCC's knowledge of or substantial assistance in any of the alleged breaches of fiduciary duty.

## **TWENTY-SIXTH DEFENSE**

160.   The Trustee is not entitled to any claim of punitive damages.

## **ADDITIONAL DEFENSES**

161.   ARCC hereby adopts and incorporates by reference any defense asserted or to be asserted by any other Defendant to the extent such defense may be applicable to ARCC.  By designating the aforementioned defenses, ARCC does not waive or limit any defense which is or may be raised by its denials and averments.  These defenses are pled in the alternative, and are raised to preserve ARCC's rights to assert such defenses, and are without prejudice to ARCC's ability to raise other and further defenses.  ARCC expressly reserves all rights to re-evaluate its defenses and/or assert additional defenses upon discovery and review of additional documents and information, upon the development of other pertinent facts, and/or during pretrial proceedings in this action.

## **JURY DEMAND, ETC.**

162.   ARCC demands a trial by jury before an Article III Judge on all counts of the Complaint triable by jury.

163.   ARCC does not consent to the entry of any final order or judgment by the Court, to the extent it is determined that the Court cannot enter any final order or judgment consistent with Article III of the United States Constitution absent consent of the parties, and demands that any such final order or judgment in this matter be entered by an Article III Judge.

IMPAC 5379210v.1

Dated:  August 31, 2017
   Wilmington, Delaware

**POTTER ANDERSON & CORROON LLP**

*/s/ D. Ryan Slaugh*
Jeremy W. Ryan (DE Bar No. 4057)
D. Ryan Slaugh (DE Bar No. 6325)
1313 North Market Street, Sixth Floor
P.O. Box 951
Wilmington, DE  19801
Telephone:  (302) 984-6000
Facsimile:  (302) 658-1192

-and-

**AKIN GUMP STRAUSS HAUER & FELD LLP**
Steven M. Pesner, P.C., *admitted pro hac vice*
Robert H. Pees, *admitted pro hac vice*
Stan Chiueh, *admitted pro hac vice*
One Bryant Park
New York, NY  10036-6745
Telephone:  (212) 872-1070
Facsimile:  (212) 872-1002

*Counsel for Defendant Ares Capital Corporation*

IMPAC 5379210v.1